UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDEN HENRIQUEZ, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>- against -<br><br>HERSHEY CREAMERY COMPANY,<br><br>            Defendant. | Case No.: 23-cv-1392<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff BRANDEN HENRIQUEZ (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed at any time by Defendant HERSHEY CREAMERY COMPANY ("Defendant") between July 4, 2016[1] and the present (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines).

1

3.     Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual laborers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

## JURISDICTION & VENUE

4.     This Court has personal jurisdiction over Defendant because Defendant conducts business throughout the State of New York, including out of its distribution centers located in this District where the Named Plaintiff and other employees worked.

5.     This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiff submits that all such conditions are satisfied such that this Court has original jurisdiction.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7.     Plaintiff BRANDEN HENRIQUEZ is an individual who currently resides in the State of New York, and who has been employed by Defendant as a driver/deliverer since approximately March 2022 based out of Defendant's Middletown, New York distribution center.

8.      Plaintiff typically performed physical tasks for more than of 25% of his workday, as his responsibilities included, but were not limited to: (i) delivery: which involved lifting, loading, unloading, and carrying heavy boxes which contained Defendant's products; (ii) stocking: which involved cutting boxes, opening, and stocking the delivered products in the stores following delivery; and other tasks generally associated with the distribution of Defendant's products.

9.      Until around February 10, 2023, Plaintiff had been compensated every other week, rather than weekly, by Defendant throughout the entirety of his employment. Thus, for the first half of each bi-weekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and he could not save, invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

10.     Additionally, every time Plaintiff received late compensation for the work he performed, he was by definition being underpaid by Defendant. Every time that Defendant failed to pay Plaintiff and other employees who worked in manual labor positions their wages earned within seven days of the end of their workweeks, Defendant deprived the employees of the use of money that belonged to them. As a result, Plaintiff and putative class members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed and/or wanted to buy.

11.     For example, owing to the delinquency of these payments, Plaintiff and putative class members were prevented from spending money earned on a bevy of everyday expenses and to provide for their basic needs, including but not limited to, purchasing food and groceries, making rent or mortgage payments, settling bills for utilities, medical supplies and services, insurance, automobile payments, and other basic living expenses.

12. By retaining these wages earned beyond the legally permitted timeframe set by NYLL § 191, Defendant benefitted from the time value of the money at issue, and the free use of such funds, at the expense of Plaintiff and putative class members. For example, during the time such monies were wrongfully being withheld, Defendant was free to utilize those funds to purchase goods and services, as well as save, invest, or earn interest on them.

13. Upon information and belief, Defendant HERSHEY CREAMERY COMPANY is a foreign company organized and existing under the laws of the State of Delaware, with a headquarters and principal place of business located in Harrisburg, Pennsylvania.

## CLASS ALLEGATIONS

14. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

15. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendant in positions that required they perform physical tasks for more than 25% of their respective workdays.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds of employees. In addition, the names of all potential members of the putative class are not known.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant compensated its employees on a bi-weekly basis;
    b) whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis; and,
    c) whether Defendant's conduct constitutes a violation of NYLL § 191.

18. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

19. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

20. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

22. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY TIMELY WAGES

23. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

24. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiff and members of the putative class.

25. Defendant failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

26. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT:
## FAILURE TO PROVIDE NOTICE UPON HIRING

27. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

28. Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

29. Here, the Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information.

30. NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of

6

section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

31. By the foregoing reasons, Defendant violated NYLL Article 6 § 195(1)(a), and is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
      February 17, 2023

**LEEDS BROWN LAW, P.C.**

*/s/ Brett R. Cohen*

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff &*
*Putative Class*